No. 05-667

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 346N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

BETTY JANE EDLUND,

        Defendant and Appellant.


APPEAL FROM:    The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 2004-100,
Honorable Gregory R. Todd, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

        Fred Snodgrass, Attorney at Law, Billings, Montana

        For Respondent:

        Mike McGrath, Attorney General, Joslyn M. Hunt, Assistant Attorney
General, Helena, Montana

        Dennis Paxinos, Yellowstone County Attorney, Ed Zink, Deputy County
Attorney, Billings, Montana


Submitted on Briefs:  July 26, 2006

Decided:  December 27, 2006

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Betty Jane Edlund appeals from the Judgment of the District Court for the Thirteenth Judicial District, Yellowstone County, convicting Edlund of felony assault with a weapon in violation of § 45-5-213(1)(b), MCA. We affirm.

¶3    On January, 21, 2004, Montana Probation and Parole Officers Richard Huber, Charlie Martin and Jayson Baxter (Officers) approached a house at 1231 St. Johns Avenue in Billings, Montana, the residence of a probationer who was under Officer Huber's supervision, to investigate reported drug activity at the house. As the Officers approached on foot, Edlund came down the stairs from the front door and got into a car which was parked in the driveway with its motor running. The Officers, who were in plain clothes, testified at trial that they displayed their badges and ordered Edlund to stop, but she did not. As Edlund began driving away, Officer Martin stepped in front of the car. Edlund nearly hit him with the car as she departed. As a result, the State charged Edlund with felony assault with a weapon. A jury convicted Edlund of the charged offense. The District Court sentenced Edlund to ten years imprisonment in the Montana State Women's Prison in Billings. On appeal, Edlund raises issues related to several discretionary rulings the District Court made during the course of her trial.

¶4     Edlund first argues that the District Court's denial of her motion for a continuance deprived her of a fair trial and effective assistance of counsel. We review a district court's ruling on a motion for a continuance for an abuse of discretion. *State v. Clifford*, 2005 MT 219, ¶ 25, 328 Mont. 300, ¶ 25, 121 P.3d 489, ¶ 25 (citation omitted). A district court must consider motions for continuance in light of the movant's diligence. *State v. Fields*, 2002 MT 84, ¶ 20, 309 Mont 300, ¶ 20, 46 P.3d 612, ¶ 20, citing § 46-13-202, MCA. A defendant who moves to postpone a trial on grounds of absence of evidence or absence of a witness must file an affidavit showing the materiality of the evidence to be obtained and that due diligence has been used to procure it. Section 25-4-501, MCA; *State v. Harvey*, 184 Mont. 423, 431-32, 603 P.2d 661, 666 (1979). This statutory requirement is mandatory. *Harvey*, 184 Mont. at 431-32, 603 P.2d at 666 (citation omitted).

¶5     Here, Edlund moved to postpone the trial on grounds of absent evidence—namely, the testimony of potential witnesses and photos which Edlund had not inspected. However, Edlund failed to file an affidavit explaining who the potential witnesses were, why their testimony was material to her case, or what steps she had taken to obtain interviews with the witnesses and review the State's evidence. We therefore conclude the District Court did not abuse its discretion when it denied Edlund's motion for a continuance.

¶6     Edlund next argues the District Court erred in denying two motions *in limine*. Edlund contends the court should have excluded evidence related to drug activity at the 1231 St. John house, and should have allowed Edlund to present surrebuttal argument at

closing. A district court's ruling on a motion *in limine* is an evidentiary ruling which we review for an abuse of discretion. *State v. Snell*, 2004 MT 334, ¶ 17, 324 Mont. 173, ¶ 17, 103 P.3d 503, ¶ 17 (citation omitted). The District Court's determination that police officers would be allowed to explain why they visited the 1231 St. John house—to investigate reported drug activity at the residence of a parolee—and why they pursued Edlund when she fled the premises, was not an abuse of the court's discretion.

¶7 Likewise, the District Court acted within the proper bounds of its discretion when it denied Edlund's request to present surrebuttal argument at closing. Edlund contends that § 46-16-401(3), MCA, "specifically authorize[s]" surrebuttal closing *argument* for criminal defendants. We disagree. The statute specifically allows for the presentation of *evidence* by either party *before the close of evidence*. *See* § 46-16-401(3), MCA. Further, the statute leaves the decision to allow rebuttal evidence within the discretion of the trial court. Section 46-16-401(3), MCA.

¶8 Edlund next contends the District Court erred when it admitted into evidence the jacket worn by Officer Martin on the night of the assault because the State did not list the jacket as an exhibit it planned to introduce at trial. We review a district court's evidentiary rulings for an abuse of discretion. *Snell*, ¶ 17. During Edlund's opening statement, counsel said that Edlund did not stop to talk with the Officers in part because it was dark outside and the "four men [were] dressed in dark clothing with stocking caps over their heads . . . ." When Edlund made the clothing worn by the Officers an issue in her defense, the District Court was within its discretion to admit the coat worn by Officer Martin for rebuttal purposes. *See State v. Weitzel*, 2000 MT 86, ¶¶ 25-39, 299 Mont. 192,

4

¶¶ 25-39, 998 P.2d 1154, ¶¶ 25-39 (pawnshop records of transactions related to a handgun not listed as evidence before trial  properly admitted for rebuttal of defendant's testimony regarding his ownership of a gun).

¶9   Finally, Edlund argues the District Court erred when it sentenced her based on materially false information.  We review the terms and conditions of a criminal sentence to determine whether the sentence is legal.  *State v. Webb*, 2005 MT 5, ¶ 8, 325 Mont. 317, ¶ 8, 106 P.3d 521, ¶ 8 (citation omitted).  Edlund bases her argument on the fact that her presentence investigation report incorrectly stated the date on which Edlund encountered the Officers at the 1231 St. Johns house as January 28, 2004, when the incident actually occurred on January 21, 2004.  Edlund contends the misstated date was "materially false information" which affected the severity of her sentence because Edlund received a deferred sentence on charges unrelated to this case on January 28, 2004, but had not yet been sentenced or placed on probation on January 21, 2004.  Regardless, it is clear from the record that at the time of sentencing, the District Court was aware of the mistake in the report.  Further, the presentence investigation report was only one among several factors the District Court considered in sentencing Edlund.  The District Court's Judgment lists in its reasoning the corrections and modifications to the presentence investigation report, the recommendations relayed by the presentence investigator, Edlund's statement, the seriousness of the offense, and Edlund's criminal history as factors contributing to the court's imposition of a ten-year sentence.  Finally, we note that the sentence imposed by the District Court is authorized by § 45-5-213(2)(a), MCA.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operation Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and record before us that sufficient evidence supported the District Court's ruling and there was no abuse of discretion by the District Court.

¶11 For the foregoing reasons, we affirm.


/S/ PATRICIA COTTER


We Concur:


/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ JIM RICE